UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|     ERIK CHARLES BATIPPS and | : | |
| | : | |
|     SARAH HELEN BATIPPS, | : | |
| | : | Bky. No. 10-31221 ELF |
|     Debtors. | : | |
| | : | |
| MARVIN KRASNY, Chapter 7 Trustee for the Estate of Erik Charles Batipps and Sarah Helen Batipps, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee, on Behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes, by and through its Loan Servicing Agent, Select Portfolio Servicing, Inc., | : | Adv. No. 11-0450 |
| | : | |
|     Defendant. | : | |

# M E M O R A N D U M

## I. INTRODUCTION

Plaintiff Marvin Krasny ("the Trustee") is the Chapter 7 Trustee in the bankruptcy case of Erik Charles Batipps and Sarah Helen Batipps ("the Debtors"). On June 5, 2011, the Trustee commenced this adversary proceeding by filing a complaint ("the Complaint") against Deutsche Bank National Trust Company as Indenture Trustee, on Behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes, by and through its Loan Servicing Agent, Select Portfolio Servicing, Inc. ("the Defendant").

-1-

In the Complaint, the Trustee alleges that the Defendant is the holder of a mortgage ("the Mortgage") on the Debtors' real property located at 722 E. Marshall Street, Norristown, PA, which as been recorded with Recorder of Deeds. (Complaint ¶¶ 9-10). The Trustee further alleges that when the Debtors signed the Mortgage and accompanying promissory note, they did so "outside the presence of a Notary" and that the Mortgage and note "were never acknowledged by the Debtors in front of the Notary." (Id. at ¶ 15). Based on these facts, the Trustee seeks to exercise his strong-arm powers under 11 U.S.C. §544 to avoid the Mortgage.

The Trustee's legal theory can be summarized as follows:

> (1) because a notary was not present when the Debtors executed the Mortgage, the Defendant violated the Pennsylvania Uniform Acknowledgment Act, 21 P.S. §§ 291.1 - 291.13 ("the UAA");
>
> (2) under 21 P.S. §444, this violation of the UAA renders the Mortgage "unrecorded" and fraudulent as to subsequent purchasers;[1]

---

[1] 21 P.S. §444 provides:

> <u>All deeds and conveyances</u>, which, from and after the passage of this act, shall be made and executed within this commonwealth of or concerning any lands, tenements or hereditaments in this commonwealth, or whereby the title to the same may be in any way affected in law or equity, <u>shall be acknowledged by the grantor, or grantors</u>, bargainor or bargainors, <u>or proved by one or more of the subscribing witnesses thereto, before</u> one of the judges of the supreme court, or before one of the judges of the court of common pleas, or recorder of deeds, prothonotary, or clerk of any court of record, justice of the peace, or <u>notary public of the county wherein said conveyed lands lie, and shall be recorded in the office for the recording of deeds where such lands, tenements or hereditaments are lying</u> and being, <u>within ninety days after the execution of such deeds or conveyance, and every such deed and conveyance</u> that shall at any time after the passage of this act be made and executed in this commonwealth, and <u>which shall not be proved and recorded as aforesaid, shall be adjudged fraudulent and void against any subsequent purchaser or mortgagee for a valid consideration</u>, or any creditor of the grantor or bargainor in said deed of conveyance, and all deeds or conveyances that may have been made and executed prior to the passage of this act, having been duly proved and acknowledged as now directed by law, which shall not be recorded in the office
> (continued...)

Case 11-00450-elf    Doc 19    Filed 12/13/11    Entered 12/13/11 14:34:17    Desc Main
                              Document      Page 3 of 11

(3) pursuant to 11 U.S.C. §544,[2] the Trustee can step into the shoes of a hypothetical subsequent purchaser and therefore, may avoid the unperfected mortgage.[3]

On August 4, 2011, the Defendant filed a Motion to Dismiss the adversary complaint

---

[1](...continued)
for recording of deeds in the county where said lands and tenements and hereditaments are lying and being, within ninety days after the date of the passage of this act, shall be adjudged fraudulent and void as to any subsequent purchaser for a valid consideration, or mortgagee, or creditor of the grantor, or bargainor therein. (emphasis added).

[2] 11 U.S.C. §544 provides, in pertinent part:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

[3] The Trustee framed his complaint in a somewhat unusual fashion. Typically, in a complaint of this nature, a chapter 7 trustee will assert one or more claims under 11 U.S.C. §544 and a claim under §550. Here, in Count I of the Complaint, the Trustee requests the entry of a declaratory judgment that the Defendant violated the UAA by failing to have the Debtors acknowledge the Mortgage in the presence of a notary. In Count II of the Complaint, the Trustee seeks a declaratory judgment that the Trustee may avoid the Mortgage pursuant to 11 U.S.C. § 544(a)(3) by virtue of the Defendant's violation of the UAA.

("the Motion") under Fed. R. Civ. P. 12(b)(6) (incorporated in this proceeding by Fed. R. Bankr. P. 7012) for failure to state a claim. (Doc. #12). The Defendant asserts that, as a matter of law, the Trustee's factual allegations do not make out a claim because there is no dispute that the Mortgage was, in fact, recorded in the public records and the Debtors' alleged failure to execute the mortgage in the presence of a notary is, at most, a latent defect in the instrument, that did not vitiate the notice given to the world of the Mortgage's existence.

The Trustee filed a Memorandum in Opposition to the Motion on September 20, 2011. (Doc. #18). The matter is now ready for decision.[4]

For the reasons set forth below, the Motion will be granted in part and denied it in part. I will grant the Motion as to the Trustee's claim in Count I for declaratory relief under the UAA, see n.3, supra. I will deny the Motion as to the Trustee's Count II claim under 11 U.S.C. §544.

## II.  COUNT I – THE UAA

I first consider the Trustee's claim for declaratory relief under the UAA set forth in Count I of the Complaint.

The causes of action available to a chapter 7 bankruptcy trustee are limited to those that either: (1) belonged to the Debtors as of the commencement of the case and passed to the bankruptcy estate under 11 U.S.C. §541, or (2) are created by the Bankruptcy Code. See Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 356 (3d Cir. 2001); 3

---

[4] The parties agree that their dispute presents a pure issue of law and that in deciding the Motion, the court must accept all of the factual allegations in the Complaint as true. Therefore, this Memorandum will not include a detailed recitation of the legal standards for deciding a motion under Fed. R. Civ. P. 12(b)(6). For a recent discussion on the subject, see In re Universal Marketing, Inc., 2011 WL 5114826, at *3-5 (Bankr. E.D. Pa. Oct. 27, 2011).

Collier on Bankruptcy ¶3.23.03[2] (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2011).

It is obvious from the face of the Complaint that Count I, a request for a determination that a violation of the UAA occurred, does not derive from the Bankruptcy Code. Therefore, the claim can withstand a motion to dismiss only if it is a nonbankruptcy cause of action that was available to the Debtors as of the commencement of the bankruptcy case. It is not. Assuming arguendo that an independent cause of action under the UAA exists under Pennsylvania law, the violation of the UAA does not provide the Debtors or the Trustee (through 11 U.S.C. §541) with any remedy that is cognizable in this proceeding.

It is settled law in Pennsylvania that, while a defective acknowledgment may affect the recordation and perfection of a mortgage, such a defect does not affect the validity of the mortgage between the parties inter sese. See, e.g., In re Armstrong, 288 B.R. 404, 430 (Bankr. E.D. Pa. 2003) (citing authorities). Therefore, based on the facts alleged by the Trustee, prior to the commencement of this bankruptcy case, the Debtors had no grounds for setting aside the Mortgage. It follows that the Trustee, too, cannot obtain any relief directly through the UAA. At best, the asserted violation of the UAA is one of the elements of the Trustee's §544 claim set forth in Count II of the Complaint. No purpose would be served by the issuance of a separate declaratory judgment regarding the asserted violation of the state statute.

### III. COUNT II – 11 U.S.C. §544

The primary issue raised in the Motion – whether a bankruptcy trustee can avoid a mortgage that was not acknowledged before a notary – has been thoroughly analyzed in published decisions issued by several federal courts in Pennsylvania. Two competing lines of

decision have emerged, which I will refer to as "the Fisher line" and "the Messinger line."

In In re Fisher, 320 B.R. 52, 63-64 (E.D. Pa. 2005), the court held that a mortgage signed outside the presence of a notary does not comply with the UAA, is fraudulent as to subsequent purchasers under 21 P.S. §444 and therefore, is avoidable by a bankruptcy trustee under 11 U.S.C. §544. Accord In re Rice, 133 B.R. 722 (Bankr. E.D. Pa. 1991).

In In re Messinger, 281 B.R. 568, 572-75 (Bankr. M.D. Pa. 2002), the court held that Pennsylvania law requires clear and convincing evidence of fraud or forgery with respect to the underlying mortgage documents to void the perfection of a recorded mortgage containing an acknowledgment that is complete and proper on its face, and absent proof of fraud or forgery, a mortgage cannot be avoided under 11 U.S.C. § 544. Accord In re Bell, 309 B.R. 139, 158–60 (Bankr. E.D. Pa. 2004); Armstrong, 288 B.R. at 429–31; see also In re Jones, 284 B.R. 92 (Bankr. E.D. Pa. 2002) (dictum), aff'd, 308 B.R. 223 (E.D. Pa. 2003).

I will not belabor this Memorandum by recapitulating the details of the opinions cited above and in the balance of this discussion, I will assume the reader's familiarity with them. Suffice it to say that after considering the competing lines of authority, I conclude that Fisher and Rice more accurately describe the present state of Pennsylvania law.

In reaching this conclusion, I acknowledge that the Messinger line of cases reaches a far more intuitive and, perhaps even more sensible, result. Messinger and its progeny are grounded in the undisputed principle under Pennsylvania law that a defective acknowledgment does not undermine the validity of an otherwise valid mortgage as between the mortgagor and mortgagee. From this starting point, the courts in the Messinger line reason that, absent some type of fraud or other material defect that goes to the validity of a recorded mortgage, a subsequent purchaser (or

a bankruptcy trustee) should not be able to set aside a mortgage based on a latent defect in the acknowledgment of the mortgage – at least where the defect did not actually interfere with public notice of the existence of the (defectively acknowledged but otherwise valid) mortgage. More specifically, Messinger and the decisions following it suggest that mortgages should not be found constructively fraudulent as to subsequent purchasers under 21 P.S. §444 for lack of notice when the public records, in fact, provided actual notice of the prior, valid mortgage.

Given the underlying rationale described above, perhaps the outcome in the Messinger line is driven by the courts' concern that an expansive reading of 21 P.S.§444 would result in a windfall to the subsequent purchaser (or in a proceeding brought by a chapter 7 bankruptcy trustee, to the borrower's unsecured creditors). After all, if the subsequent purchaser could find the defectively acknowledged mortgage through a simple search of the public records, it is difficult to see how the faulty acknowledgment and violation of the UAA proximately caused any harm to the subsequent purchaser. Yet 21 P.S. §444, on its face, purports to benefit such a subsequent purchaser by requiring that courts inflexibly apply a legal fiction – that the recordation of the mortgage is a nullity which provided no notice of the mortgage to subsequent purchasers – in lieu of the factual reality that the defectively recorded deed was visible in the public record to subsequent purchasers before they entered into their later transaction with the mortgagor.

All of that said, notwithstanding the cogent policy argument to be made in favor of the outcome reached in the Messinger line of cases, I agree with the Fisher court that the plain language of 21 P.S. §444 mandates the opposite result.

12 P.S. §444 provides that a mortgage that is not properly acknowledged in accordance

with the UAA is per se fraudulent (i.e., constructively fraudulent) as to subsequent purchasers. While certain immaterial types of UAA defects are excluded from §444's mandate,[5] I agree with the Fisher court that the complete failure of the mortgagor to appear before a notary is a fundamental, material failure to comply with the UAA that must trigger the consequence provided in 21 P.S. §444 – i.e., the mortgage is deemed unrecorded. Once this occurs, the bankruptcy trustee's avoidance power under 11 U.S.C. §544 comes into play. See, e.g., McLean v. City of Philadelphia, 891 F.2d 474, 478 (3d Cir. 1989). Cf. McCannon v. Marston, 679 F.2d 13, 15-17 (3d Cir. 1982) (unrecorded mortgage not avoidable under §544 where clear and open possession of real property generally provided constructive notice to subsequent purchasers of rights of party in possession).

The choice between the Messinger and Fisher lines of cases comes down to a question of statutory construction. Because I perceive no ambiguity in 21 P.S. §444 and further, do not believe that the complete failure to appear before a notary can be considered an "acknowledg[ment] . . . before . . . [a] notary public" within the meaning of §444, I conclude that the statute's meaning is plain and the courts must enforce its terms. See, e.g., 1 Pa. C.S. 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit"); Oliver v. City of Pittsburgh, 11 A.3d 960, 965 (Pa. 2011) (best indication of legislative intent is statute's language and resort to other rules of statutory construction are appropriate only if text of statute is ambiguous); In re Kritz' Estate, 127 A.2d 720, 723 (Pa. 1956) (per Stern, Ch. J.) (rules of statutory construction are to be

---

[5] See Schwab v. GMAC Mortg. Corp., 333 F.3d 135, 136-37 (3d Cir. 2003) (lack of visibility of notary public's embossed seal does not give rise to viable §544 claim).

employed "only to remove" doubt, "not . . . to create doubt" in unambiguous statute).

In concluding that the plain language of 21 P.S. §444 controls, I have also considered and rejected the proposition that the Fisher line leads to an absurd or unreasonable result. See generally 1 Pa. C.S. §1922(1) (statutory construction presumption that legislature "does not intend a result that is absurd, impossible of execution or unreasonable").

The immediate purpose of the acknowledgment of a deed or mortgage "is to confirm the executing party's identity and the party's voluntary, willful intention to be bound by the terms of the agreement." Fisher, 320 B.R. at 66 (citing Messinger, 281 B.R. at 574). The larger purpose of the acknowledgment process is to enhance the reliability of recorded instruments and to encourage the public to rely on the validity of publicly recorded documents. Messinger, 281 B.R. at 574 (citing Popovitch v. Kasperlik, 70 F.Supp. 376, 384 (W.D. Pa. 1947)). When viewed from this systemic perspective, the Fisher court correctly reasoned that the submission of a mortgage for recordation without complying with the most basic requirements of the UAA constitutes a fraud on the Recorder of Deeds,, and by extension, on the public at large. Fisher, 320 B.R. at 68, 72.

No extended discussion is needed to support the proposition that there is a strong public interest in the maintenance of a reliable system for public recordation of property interests, as well as the corollary proposition that it is important that the public perceive the recording system to be reliable. Further, it is indisputable that it is within the Pennsylvania Legislature's prerogative to choose recordation procedures that, in its judgment, will effectuate those goals. By enacting 21 P.S. §444, the Legislature chose, inter alia, to mandate compliance with the UAA. Having done so, it is equally within the legislative prerogative to prescribe the

consequences for any failure to follow the mandated recording procedures.

Through 21 P.S.§444, the Pennsylvania Legislature has attempted to insure compliance with the UAA by targeting the mortgagee, insofar as §444 provides that the mortgagee loses the benefits of the recordation of the mortgage if the UAA is violated. This legislative choice is hardly surprising. The mortgagee is the party in the transaction who has the most incentive and is in the best position to insure that the acknowledgment requirements of the UAA are followed. It is true that the mortgagee's loss of the benefits of recordation may bestow a benefit on subsequent purchasers who are actually aware of the existence of the mortgage and therefore, who are not directly damaged by the legal violation. However, that does not make the chosen remedy irrational. It suggests only that the enforcement mechanism is more in the nature of a "civil penalty" directed against the mortgagee than an "actual damages" remedy for the benefit of the subsequent purchaser. One can debate whether the Legislature made the best choice in this regard,[6] but one cannot question that it is the Legislature's choice to make.

Therefore, largely for the reasons expressed by the court in Fisher, as amplified above, I conclude that the Trustee's factual allegations state a claim under 11 U.S.C. §544.

---

[6] For example, a respectable argument can be made that permitting mortgages to be set aside based on the particular UAA violation at issue in this proceeding (the absence of an acknowledgment in the presence of a notary), itself undermines the reliability of publicly recorded instruments because proof of this type of UAA violation is dependent on the outcome of a trial which will turn on the credibility of witnesses testifying about a transaction long after the consummation of the transaction. Nevertheless, as discussed in the text, the merits of the approach set out in 21 P.S. §444 is a legislative policy choice.

## IV.  CONCLUSION

The Motion will be granted in part and denied in part.

Count I of the Complaint will be dismissed.  Because I can perceive of no set of facts under which Count I could state a claim, I will not grant the Trustee leave to file an Amended Complaint to resuscitate Count I.  See, e.g., Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (after granting motion to dismiss complaint under Rule 12(b)(6), court should grant plaintiff leave to amend "unless an amendment would be inequitable or futile").

Count II will not be dismissed.  Consequently, I will direct the Defendant to file an answer to the Complaint.

An order consistent with this Memorandum will be entered.

**Date:  December 13, 2011**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**